UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN A. MEYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  4:21-cv-00115-AGF |
| | ) |
| HARTFORD LIFE & ACCIDENT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff John A. Meyer's motion for leave to file an amended complaint and to join his spouse as a party plaintiff (ECF No. 14). Defendant Hartford Life & Accident Insurance Company opposes the motion, arguing that Plaintiff's proposed new claims are futile.  The Court will grant Plaintiff's motion in part and denY it in part.

## BACKGROUND

Plaintiff has asserted claims against insurer, Defendant Hartford Life & Accident Insurance Company, for breach of contract, breach of fiduciary duty, and negligence, all arising out of Defendant's denial of Plaintiff's claim for long-term disability benefits.  In his motion for leave to amend, Plaintiff seeks to add claims asserting negligent infliction of emotional distress ("NIED"), loss of consortium (including the addition of Plaintiff's wife as a party), and punitive damages.

Defendant argues that the proposed amendments are futile and should not be

allowed because they are preempted by Missouri's vexatious refusal to pay statute, Mo. Rev. Stat. § 375.420.  Plaintiff responds that, the proposed new claims are not preempted because they are not dependent on the elements of the contract claim.

## DISCUSSION

Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave [to amend pleadings] when justice so requires."  Notwithstanding this liberal standard, a court may deny leave to amend where the proposed amendment would be futile.  *Reuter v. Jax Ltd.*, 711 F.3d 918, 922 (8th Cir. 2013).  A proposed amendment is futile if it could not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).  Thus, the proposed amended complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff's proposed new NIED claim is futile because it could not survive a motion to dismiss.  "[T]he Missouri Supreme Court has held 'an insurance company's denial of coverage itself is actionable only as a breach of contract and, where appropriate, a claim for vexatious refusal to pay.'"  *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (citing *Overcast v. Billings Mutual Ins. Co.,* 11 S.W.3d 62, 69 (Mo. 2000)).  A party complaining of breach of contract cannot also bring a tort claim dependent on the same elements as the contract claim.  In other words, "[a]n insured cannot recast a contract claim as a . . . tort under Missouri law." *Wiles,* 280 F.3d

2

at 870.

Plaintiff correctly notes that an insured may bring an independent tort claim as long as the tort alleged is not dependent on the elements of the contract claim. *See Overcast,* 11 S.W.3d at 68.  For example, courts have recognized independent tort claims based not on the insurer's refusal to pay, but on actions the insurer took during its investigation separate and apart from the denial of benefits.  *See id.* at 68 (recognizing independent defamation claim where the insurer accused the insured of arson in a letter the insurer knew would be used by other insurers to deny coverage); *Travelers Indem. Co. of Am. v. Holtzman Properties, L.L.C.*, No. 4:08-CV-351 CAS, 2008 WL 3929574, at *6 (E.D. Mo. Aug. 21, 2008) (recognizing independent tortious interference claim where the insurer allegedly lied to tenants of the insured's property in order to interfere with the insured's separate lease agreement); *Am. Mod. Home Ins. Co. v. Thomas*, No. 4:16 CV 215 CDP, 2018 WL 4404723, at *1, *10 (E.D. Mo. Sept. 17, 2018) (allowing independent intentional infliction of emotional distress claim to go forward based on insurer's use of berating or abusive language during its investigation, but not considering preemption as that argument was not raised).

But here, the proposed NIED claim is based on the same alleged conduct giving rise to the breach of contract claim—namely, that the insurer wrongly decided the disability claim because it ignored or mischaracterized the underlying evidence.[1]  *See,*

---

[1]  In a footnote, Defendant suggests that it may in the future seek dismissal or dispositive relief on similar grounds with respect to the breach of fiduciary duty claim

*e.g.*, Proposed Am. Compl., ECF No. 14-1 at ¶¶ 69, 90-98.  As no independent tortious conduct is alleged, Plaintiff is merely attempting to recast his contract and vexatious refusal claims as tort claims.  Missouri law does not permit him to do so. *See Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.*, No. 4:05 CV 1934 DDN, 2006 WL 1722278, at *3 (E.D. Mo. June 19, 2006) ("Plaintiff alleges that defendant's actions of representing that it would pay, and then not doing so, were distinct actions that were to its detriment in running its business. While plaintiff may have suffered detriment, this is not independent of the contract claim based upon the policy.").

However, the Court will allow Plaintiff's proposed claims for loss of consortium and for punitive damages to go forward.  Defendant's only argument as to the futility of these counts is that they are derived solely from the NIED claim.  However, Plaintiff alleges that the loss of consortium and punitive damages counts are also derived from the breach of fiduciary duty claim asserted in Plaintiff's existing complaint.  Defendant has not sought dismissal of the existing complaint at this stage.  As such, the breach of fiduciary duty claim may go forward at this stage, and Plaintiff may assert corresponding claims for loss of consortium and punitive damages.  *See, e.g.*, *Johnson v. Anheuser Busch, Inc.*, 876 F.2d 620, 625 (8th Cir. 1989) ("Loss of consortium presents a derivative claim arising out of the tort claims of the injured spouse."); *SSM*

---

asserted in Plaintiff's existing complaint.  But as Defendant has not done so yet, the Court will not address the breach of fiduciary duty claim or any other claim asserted in Plaintiff's existing complaint.

4

*Health Care Corp. v. Repwest Ins. Co.*, No. 4:14CV1552 CDP, 2014 WL 5800214, at *3 (E.D. Mo. Nov. 7, 2014) ("Under Missouri law, punitive damages may be awarded for breach of fiduciary duty upon a clear and convincing showing that the defendant acted with evil motive and reckless indifference to plaintiff's rights.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to amend is **GRANTED in part and DENIED in part**, as set forth above. ECF No. 14. The motion is **DENIED** as to Plaintiff's proposed claim for negligent infliction of emotional distress; the motion is otherwise **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file ECF No. 14-1 as Plaintiff's amended complaint, which will be deemed to be limited in the manner set forth above, and shall add Mary Meyer as a party plaintiff.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay Discovery Pending a Decision on Plaintiff's Motion for Leave to File First Amended Complaint is **DISMISSED as moot**, in light of this Memorandum and Order. ECF No. 25.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of August, 2021.